IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                                              No. 5:19-cr-0145 RB

LEROY CASTILLO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant Leroy Castillo's Motion for Modification of Sentence, in which Castillo argues he is entitled to a sentence reduction under Amendment 821 to the United States Sentencing Guidelines. (Doc. 513.) The Federal Public Defender reviewed Castillo's motion and declined to file a motion on his behalf. (Doc. 517.) The United States contends Castillo is ineligible for a reduction. (Doc. 514.) Having reviewed the parties' arguments, the record, and the applicable law, the Court finds Castillo is not eligible for a sentence reduction under Amendment 821 and, accordingly, the Court lacks jurisdiction over his motion. The Court will therefore **DISMISS** the motion.

I.     **BACKGROUND**

On October 27, 2020, pursuant to a Rule 11(c)(1)(C) Plea Agreement, Castillo pleaded guilty to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), two counts of distribution of a mixture and substance containing methamphetamine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2, and three counts of use of a communication facility to further a drug trafficking crime in violation of 21 U.S.C. § 843(b) and (d)(1). (Docs. 305–06.)

The United States Probation Office (USPO) provided a presentence report and computed a total offense level of 37. (Doc. 334 ¶ 33.) Based on Castillo's prior convictions, the USPO calculated a criminal history score of six. (*Id.* ¶ 43.) Because Castillo committed the "offense while under a criminal justice sentence[,]" two status points were added for a total criminal history score of eight, which resulted in a criminal history category of IV. (*Id.* ¶¶ 44–45.)

On July 20, 2021, the Court sentenced Castillo to 144 months of imprisonment. (Doc. 354.) His anticipated release date is February 16, 2030. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Sept. 27, 2024).

Since Castillo was sentenced, Congress amended the Sentencing Guidelines (Amendment 821). *Compare* U.S. Sent'g Guidelines Manual § 4A1.1(d) (pre-amendment), *with* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023) *and* §§ 4A1.1(e), 4C1.1(a). Amendment 821 applies retroactively. *See* § 1B1.10(a)(1), (d).

Castillo, acting pro se, now asks the Court to reduce his sentence under Part A of Amendment 821. (Doc. 513 at 2–3.) The Federal Public Defender declined to file a motion on Castillo's behalf, and the United States opposes the motion. (Docs. 514; 517.)

**I.   LEGAL STANDARDS**

A district court may modify a sentence "only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582(c)(2) provides that authorization for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 17 U.S.C. § 3582(c)(2); *see also* § 1B1.10(a)(1). Section 3582 "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "In no event may the reduced term of imprisonment be less than the term of

2

imprisonment the defendant has already served." § 1B1.10(b)(2)(C). In addition, except when the sentence was lower than the Guidelines range because the defendant provided substantial assistance to authorities, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended" Guidelines range. § 1B1.10(b)(2)(A)–(B).

Amendment 821 may lower the Guidelines sentencing range applicable to certain defendants. Part A of Amendment 821 applies to sentencing for offenses committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." § 4A1.1(e). Before Amendment 821, courts assessed two "status points" to the defendant's criminal history score for such crimes. *See United States v. McDonald*, No. CR 22-1317 JB, 2024 WL 2110525, at *8 (D.N.M. May 10, 2024). Part A of Amendment 821 reduced the number of status points added depending on the defendant's criminal history points. *See* 88 Fed. Reg. 28254-01, 2023 WL 3199918; § 4A1.1(e). In the case of a person who has seven or more criminal history points, the Court may reduce the status points to one, instead of two. § 4A1.1(e). Where a person has six or fewer criminal history points, the Court may reduce the status points to zero. *Id.*

Additionally, Part B provides that courts sentencing offenders who have zero criminal history points ("zero-point offenders") may reduce the offense level by two if the defendants meet specified criteria. § 4C1.1(a); U.S. Sent'g Guidelines Manual app. C Supp. (U.S. Sent'g Comm'n 2023).

In determining whether to reduce a sentence under Amendment 821, the Court must first determine whether the defendant is eligible for a reduction by determining whether the Guidelines range calculated under Amendment 821 is lower than the Guidelines range on which the defendant's sentence was based. *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017);

§ 1B1.10(b)(1). If not, a defendant is not eligible for a reduction and the Court "lacks jurisdiction over the defendant's motion and the motion must be dismissed." *C.D.*, 848 F.3d at 1289; *see also United States v. Munoz*, 682 F. App'x 635, 636 (10th Cir. 2017) (same); *United States v. Warren*, 22 F.4th 917, 926 n.6 (10th Cir. 2022) (noting that, while eligibility for a sentence reduction under § 3582 is a jurisdictional question under Tenth Circuit precedent, that precedent may "need to be revisited").

If the defendant is eligible for a sentence reduction, the Court must then consider whether the defendant has shown "a sentence reduction is consistent with the Commission's policy statements" and entitlement to "relief in light of the applicable sentencing factors found in" § 3553(a). *C.D.*, 848 F.3d at 1289–90; *see also* § 1B1.10(a)(1), § 3582(c)(2). The fact that a court considered the § 3553(a) factors in the initial sentencing does not preclude a court from considering them in the context of a sentence reduction motion. *Osborn*, 679 F.3d at 1196. In addition to the § 3553(a) factors, courts may consider "post-sentencing conduct," § 1B1.10, app. n.1(B)(iii), and "the benefits the defendant gained by entering a Type-C [plea] agreement when it decides whether a reduction is appropriate . . . ." *Hughes v. United States*, 584 U.S. 675, 689 (2018); *see also Osborn*, 679 F.3d at 1195.

## II.  DISCUSSION

The United States acknowledges that the status points amendment in § 4A1.1(e) applies here. (*See* Doc. 514 at 4.) Castillo was initially assessed six criminal history points, but two status points were added under § 4A1.1(d) because he committed the offense while under a criminal justice sentence. (*See* Doc. 334 ¶¶ 43–44.) With a total of eight criminal history points, Castillo's criminal history category was IV. (*Id.* ¶ 45.) If Castillo had only six criminal history points, he

would have had a criminal history category of III, with a resulting guideline range of 262–327 months. (*See* Doc. 514 at 4 (citation omitted).) *See also* U.S.S.G. Sent'g Table (Nov. 1, 2016).

The Court may not, however, "reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." *See United States v. Smith*, No. 24-4036, 2024 WL 3874414, at *1 (10th Cir. Aug. 20, 2024) (quoting U.S.S.G. § 1B1.10(b)(2)(A)) (subsequent citation omitted).[1] Castillo received a 144-month sentence, which is less than what his sentence would have been without the two additional status points (262–327 months). Accordingly, the Court "lack[s] the authority to impose a modified sentence that [falls] below the amended guideline range." *See id.* (quoting *United States v. Rhodes*, 549 F.3d 833, 841 (10th Cir. 2008)). The Court must dismiss Castillo's motion on this basis.

**IT IS THEREFORE ORDERED** that Castillo's Motion for Modification of Sentence (Doc. 513) is **DISMISSED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

[1] "The only exception to this rule is if the defendant received the original below-guidelines sentence 'pursuant to a government motion to reflect the defendant's substantial assistance to authorities.'" *Smith*, 2024 WL 3874414, at *2 (quoting U.S.S.G. § 1B1.10(b)(2)(B)). That exception does not apply here.